LOKEN, Circuit Judge,
concurring in part and dissenting in part.
The ADA grants a private right of action for injunctive relief “to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter.” 42 U.S.C. § 12188(a)(1). I agree with the court that plaintiffs Steger, Young, Woods, and Lane lack standing to seek injunctive relief against any alleged ADA violations in the Clayton Central Building. At the preliminary injunction hearing, none of these plaintiffs offered any evidence that he or she had ever been in the building, knew of conditions in the building, or would visit the building in the immediate future. Thus, they failed to prove injury in fact — that they are “among the injured.” Lujan v. Defenders of Wildlife, 504 U.S. 555, 563, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). They also failed to demonstrate the real and immediate threat of future harm that is essential for standing to seek an injunction. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-05, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).
I further agree that plaintiff Burch suffered an ADA injury when he stopped at the coffee shop in the Clayton Central Building in July 1996 and could not find the first floor men’s restroom because the restroom door was not marked with raised *895 lettering, braille, or other signage that would help a blind person identify it. To seek injunctive relief, Burch should have made a stronger showing that he would likely use the Building in the immediate future if this barrier is remedied, but I agree with the district court that his showing of injury-in-fact at the preliminary injunction hearing was sufficient, at least for this relatively early stage in the litigation. “Past wrongs [a]re evidence bearing on whether there is a real and immediate threat of repeated injury.” Lyons, 461 U.S. at 102, 103 S.Ct. 1660 (quotation omitted).
However, I cannot agree that Burch has standing to seek injunctive relief against alleged ADA violations affecting blind persons who might visit areas above the first floor of the Building. As to these areas, Burch is like plaintiffs Steger, Young, Woods, and Lane. He has never been there, he has no knowledge of conditions there, and he has no plans to go there in the future.
The requirement of actual injury does more than assure a live controversy between adverse parties. “[T]he discrete factual context within which the concrete injury occurred or is threatened insures the framing of relief no broader than required by the precise facts to which the court’s ruling would be applied.” Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 222, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). Therefore, “[t]he remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established.” Lewis v. Casey, 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Here, the injury-producing inadequacy was the absence of signs identifying the first-floor bathroom to a blind person. Any injunc-tive relief must be limited to remedying that inadequacy. As the Supreme Court recently admonished, “[sjtanding is not dispensed in gross.” Friends of the Earth, Inc. v. Laidlaw Environmental Serv., Inc., 528 U.S. 167, —, 120 S.Ct. 693, 706, 145 L.Ed.2d 610 (2000) (quotation omitted).
The court declines to apply this principle because it would result in “piecemeal compliance,” a result the court deems “inefficient” and “impractical.” But the Supreme Court has consistently refused to relax its principles of Article III standing “for the sake of convenience and efficiency.” Raines v. Byrd, 521 U.S. 811, 820, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). Nor is it relevant in this regard that the ADA is a “remedial statute.” The Court has consistently applied its rigorous standing principles to environmental and conservation laws — paradigmatic examples of remedial statutes. See Laidlaw, 528 U.S. at — - —, 120 S.Ct. at 703-04 (Clean Water Act); Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102-04, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (Emergency Planning and Community Right-to-Know Act); Lujan, 504 U.S. at 559-62, 112 S.Ct. 2130 (Endangered Species Act).
The court’s expansive view of standing in this case stands in stark contrast to concerns expressed in the legislative history by ADA supporters who feared that the statute would lead to an explosion of litigation, inflicting crippling uncertainties and costs on the small businesses that must remove architectural and communications barriers from existing buildings, “where such removal is readily achievable.” 42 U.S.C. § 12182(b)(2)(A)(iv). For example, in the Senate debates, several Senators worried that the grant of a private right of action, with an award of attorney’s fees if successful, would result in excessive and excessively costly litigation. See 135 Cong. Rec. S10754-63 (daily ed. Sept. 7, 1989). Senator Dale Bumpers observed that the term “readily achievable” is an unknown term of art and would therefore prove to be “like the term beauty. Beauty is in the eye of the beholder and readily achievable means [w]hat some judge says it means?” Id. at S10760-61. Responding to these *896 concerns, Senator Tom Harkin, the ADA’s chief Senate sponsor, predicted:
MR. HARKIN. I think the instances in which, practically speaking, instances in which cases could be brought for injunc-tive relief would be very few and will involve egregious cases of multiple types of discrimination, probably against more than one person with a disability.
Suppose an individual with a disability goes into a place of public accommodation and is told he cannot come in or something, is that person going to go to court and get an injunction? No, they will just go someplace else. They will say, “Heck, we will not go back to that place of business again.”
Id. at S10754. If the court’s extraordinary disregard of traditional standing limitations becomes the judicial norm, the benign prediction of Senator Harkin will prove untrue, and the worst fears of Senator Bumpers will be realized. Lawyers and architectural experts will bring countless abstract disputes to federal court, and federal judges across the country will sit as all-powerful ADA building inspectors, dictating what structural renovations are “readily achievable” in particular buildings.
In my view, this portion of the court’s decision violates Article Ill’s standing requirement as construed by the Supreme Court. Accordingly, I respectfully dissent in part.